UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEYBANK NATIONAL ASSOCIATION,

      Plaintiff,

Vs                                      Case No:  12-13611

                                         Honorable Victoria A. Roberts

LAKE VILLA OXFORD
ASSOCIATES, LLC, ET AL,

      Defendants,

---

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

### I.    INTRODUCTION

Defendants Lake Villa Oxford Associates, LLC., and Kenneth Burnham ("Defendants")

seek relief from a judgment imposing sanctions. Defendants argue they should be relieved from

paying Plaintiff's costs and attorney fees because their failure to contest them was due to

excusable neglect. Because excusable neglect does not justify Defendants' failure to respond,

their motion is **DENIED.**

Additionally, Plaintiff's request for additional costs which it has incurred in responding

to Defendants' motion is **DENIED.**

### II.    BACKGROUND AND PROCEDURAL HISTORY

The facts in this case are undisputed. After Plaintiff filed suit in Oakland County Circuit

Court, Defendants removed to this Court. The Court granted Plaintiff's motion to remand, based

on lack of subject matter jurisdiction, *see Keybank Nat'l Ass'n v. Lake Villa Oxford Ass., LLC,*

No. 12-12886 (E.D. Mich. Aug. 3, 2012).

1

Defendants filed a second notice of removal ("Second Removal") and Plaintiff moved to remand again. On August 24, 2012, the Court issued an Order granting that request, finding that it continued to lack subject matter jurisdiction. The Court also found that Defendants' Second Removal was frivolous and agreed with Plaintiff that sanctions were appropriate. Under 28 U.S.C. § 1447(c), the Court retained jurisdiction and granted Plaintiff's request for sanctions. Finally, the Court ordered Plaintiff to file a motion detailing its costs and attorney fees within 14 days of that Order.

On September 7, 2012, Plaintiff filed that motion. Despite a briefing schedule issued by the Court, Defendants failed to respond. On October 15, 2012, the Court entered an Order Granting the Motion for Attorney Fees in the requested amount of $8,233.00.

Defendants failed to pay, and Plaintiff filed a motion to Hold Lake Villa and Burnham in contempt. The Court held a telephone conference in which defense counsel stated that he had not received any electronic court filing ("ECF") notifications since the Court entered its Order Remanding Case on August 24, 2012; hence, he says he was unaware of Plaintiff's motion detailing its cost and fees and the Court's order granting that unopposed motion. On November 26, 2012, as a result of the telephone conference, the Court issued an order allowing Defendants to file a motion for relief from judgment under FRCP 60(b). This motion followed.

Defendants maintain that relief is warranted based on its counsel's failure to receive ECF notifications, as well as Plaintiff's failure to request concurrence under local rules. Defendants also say that the Court should reduce and exclude certain fees granted under its Order.

If the Court finds excusable neglect is justified, it must then consider whether Defendants asserted a meritorious defense warranting relief from judgment, and any prejudice to Plaintiff.

### III. ANALYSIS

#### A.  Standard for Determining Excusable Neglect

Federal Rule of Civil Procedure 60 governs motions for relief from judgment. Specifically, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1).  "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *United States v. 2621 Bradford Drive,* 369 Fed. Appx. 663, 666 (6th Cir. 2010) (quoting *Blue Diamond Coal Company v. Trustees of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001)).

According to the Supreme Court, "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 394 (1993). "[I]n assessing a claim of excusable neglect, 'the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable.'" *McCurry v. Adventist Health System/Sunbelt, Inc.,* 298 F.3d 586, 595 (6th Cir. 2002) (quoting *Pioneer Inv. Servs.,* 507 U.S. at 397) (emphasis in original).

"'[I]n determining whether a party should be granted a reprieve [for excusable neglect], a court should consider 'all relevant circumstances surrounding the party's omission[.]'" *Gumble v. Waterford Township,* 171 Fed. Appx. 502, 506 (6th Cir. 2006) (quoting *Spitzer Great Lakes Ltd. v. EPA,* 173 F.3d 412, 416-17 (6th Cir. 1999)). The Supreme Court says this includes consideration of five factors: "the danger of prejudice to the [non-moving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether

it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Pioneer Inv. Servs.,* 507 U.S. at 395. However, these specific factors are not controlling if the

court has considered the true merits of a party's claim. *Yeschick v. Mineta,* 675 F.3d 622, 629

(6th Cir. 2012) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001)). Then,

only three factors control: whether the party: (1) "seeking relief is culpable"; (2) "opposing relief

will be prejudiced"; and (3) "seeking relief has a meritorious claim or defense." *Williams v.*

*Meyer,* 346 F.3d 607, 613 (6th Cir. 2003).

The first factor, "culpability," turns on "whether the neglect was excusable[.]" *Yeschick,*

675 F.3d at 629 (quoting *Flynn v. People's Choice Home Loans, Inc.,* 440 Fed. Appx. 452, 457-

58 (6th Cir. 2011)). "Culpability is 'framed' by the specific language of [Rule 60(b)]; *i.e.,* a party

demonstrates a lack of culpability by demonstrating . . . 'excusable neglect.'" *Williams,* 346 F.3d

at 613 (quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992))

(emphasis in original). "And because Rule 60(b)(1) 'mandates' such a demonstration, '[i]t is

only when the [party seeking relief] can carry this burden'" that a court will consider the "'other

two factors: the existence of a meritorious defense and the absence of substantial prejudice to the

[other party].'" *Id.* (quoting *Waifersong,* 976 F.2d at 292). Accordingly, the substance of an

excusable neglect claim is whether or not the party seeking relief is culpable or not.

In order for the Court to apply the appropriate test regarding Defendants' culpability --

the five factor or the three factor -- the Court must decide if the merits of the underlying claim --

whether to award costs and fees under § 1447(c) -- were considered.

### B. The Three Factor Test Controls; the Court Considered The Merits of Imposing Sanctions

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just

costs and any actual expenses, including attorney fees, incurred as a result of the removal." In its

order granting Second Remand, the Court concluded that Defendants' "Second Notice of removal was frivolous and appear[ed] to have been designed solely to avoid" upcoming state court proceedings (Doc. 16). Moreover, the Court found that Defendants' "vexatious and delay-inducing tactics" in removing the case for a second time warranted costs and fees (*Id.*).

Because Plaintiff did not detail in its remand requests exactly what costs and fees were incurred as a result of the Second Removal, the Court ordered Plaintiff to file a motion specifying the costs and fees it incurred. However, in finding that sanctions were appropriate, the Court considered the merits of the underlying claim. Defendants' failure to respond occurred after the Court considered and ruled on the underlying merits of the case; they had ample opportunity to respond to Plaintiff's challenges to removal -- and did respond -- on two occasions.

Because the merits of the underlying claim were considered, the Court does not have to apply the five factors recognized by the Supreme Court in *Pioneer Investment Services* when determining whether Defendants' neglect was excusable; rather, the Court will apply the three factors outlined in *Williams*.

### C.  Failing to Receive ECF Notifications Does Not Constitute Excusable Neglect

Defendants maintain that relief should be granted because their failure to respond to Plaintiff's Motion Regarding Attorney's Fees and Costs was because they failed to receive any ECF notifications regarding that motion. Three factors govern this analysis: Defendants' culpability, whether Defendants have a meritorious defense, and prejudice to Plaintiff if relief is granted. *See Williams,* 346 F.3d at 613. Furthermore, Defendants must first prove that its neglect was excusable in order for the Court to consider the other two factors. *Id.*

The Sixth Circuit has repeatedly held that a party's failure to meet a filing deadline caused by that party's failure to receive timely notifications from the court does not constitute excusable neglect.  With respect to traditional mail, a party's failure to receive notifications because it did not open its mail in a timely manner because of its mailroom's faulty policies did not constitute excusable neglect. *Tri-Corner Invs. LLC v. First Defense Int'l Grp., Inc.,* 361 Fed. Appx. 629, 632 (6th Cir. 2010). Additionally, where a party missed a filing deadline because of a clerk's error, excusable neglect was not justified "'because 'parties have an affirmative duty to monitor the dockets" in order to keep themselves apprised of case developments -- including "the entry of orders they may wish to appeal.'" *Kuhn v. Sulzer Orthopedics, Inc.,* 498 F.3d 365, 371 (6th Cir. 2007) (quoting *Reinhart v. U.S. Dep't of Agric.,* 39 Fed. Appx. 954, 956 (6th Cir. 2002)).

Given the advent of "electronic dockets" which "do not even require an attorney 'to leave the seat in front of his computer' to keep apprised of what is happening in his cases," neglecting to monitor the court's docket is even less justified. *Kuhn,* 498 F.3d at 371. Because electronic dockets are ubiquitous, "the burden imposed by this affirmative duty is minimal." *Yeschick,* 675 F.3d at 629. "Attorneys may monitor the docket from the comfort of their offices; they simply need to log-on to the CM/ECF system from a computer." *Id.* (citing *Kuhn,* 498 F.3d at 371). Therefore, given the minimal burden and ease imposed on parties to make sure they are current on their case's developments, "regardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket." *Id.* (citing *Kuhn,* 498 F.3d at 370-71).

Defense counsel clearly had a duty to regularly check the Court's docket for filings after the Court entered its Order on August 24, 2012. More importantly, Defendants knew that sanctions had been granted by the Court and that the Court ordered Plaintiff to file its motion

6

within 14 days of August 24th, specifying what costs and fees it was seeking. Any negligence in failing to keep updated on new filings cannot be excused.

The Court is not persuaded by Defendants' argument that *Yeschick v. Mineta,* 675 F.3d 622 (6th Cir. 2012) does not apply. Defendants try to distinguish *Yeschick* because the unopposed motion in that case was for summary judgment, while here, the motion was for costs and fees. Defendants argue that a motion for summary judgment reflects that the underlying case was still "active, open, and pending," while this case was docketed as closed after the Court remanded the case to state court (Doc. 30). Defendants' argument fails for two reasons.

First, the Court's August 24th Order not only specified that the Court retained jurisdiction to consider sanctions, but it ordered Plaintiff to file a motion within 14 days to recover costs and fees. By the very nature of that Order, the case was still active, pending disposition of costs and fees. Second, the matter before the *Yeschick* Court was not the status of the underlying case, but the use of excusable neglect for purposes of a Rule 60(b) motion for relief from judgment. Although *Yeschick's* underlying facts may differ from this case, the law, standards, and analysis do not. *Yeschick* controls.

Additionally, Defendants' reliance on Local Rule 7.1(a)(1) to support their lack of culpability is misguided. Local Rule 7.1(a)(1) provides: "The movant must ascertain whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1)(A), will be opposed. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order."

Local Rule 7.1 contemplates that the moving party will seek concurrence on a motion for the sake of efficiency and judicial economy. Because the Court ordered Plaintiff to file a motion

7

detailing its costs and fees, neither purpose of Local Rule 7.1 would be served by Plaintiff seeking concurrence.

### D. Defendants Do Not Have a Meritorious Defense

Even if the Court found that Defendants' neglect in failing to respond to Plaintiff's motion should be excused, Defendants have not established a meritorious defense. This Court granted Plaintiff's request for costs and fees under the authority provided by 28 U.S.C. § 1447(c). Under that provision, if a party's removal was found to be unjust and the Court orders remand, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under that provision, "[d]istrict courts have considerable discretion to award or deny costs and attorney fees . . . ." *Warthman v. Genoa Township Bd. Of Trustees,* 549 F.3d 1055, 1059 (6th Cir. 2008). That discretion, though broad, is "subject to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp. . . . .*" *Id.*

According to the Supreme Court, costs and fees are appropriate "only when the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Moreover, "[t]he Supreme Court in *Martin* noted that Congress designed the costs-and-fees provision in § 1447(c) to permit removal in appropriate cases, while simultaneously 'reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Wartham,* 549 F.3d at 1060 (quoting *Martin,* 546 U.S. at 140). "In cases where removal was not objectively reasonable, *Martin* instructs the district courts to consider this underlying purpose when they exercise their discretion." *Id.*

In the Court's Order Remanding Case and Granting Plaintiff's Request for Sanctions, the Court found that Defendants' Second Notice of Removal was filed in bad faith: it was done

solely to delay state court proceedings and had no basis in law or fact. The Court found such

conduct warranted costs and fees. Further, the Court found that Plaintiff's motion detailing costs

and fees was reasonable in light of the time and expense required to oppose Defendants'

unjustified removal.  The Court's opinion regarding the appropriateness of those fees is

unchanged. Plaintiff wasted considerable time and effort in opposing Defendants' Second

Removal, and as a result, Plaintiff is entitled to recover those expenses. The Court is unwilling to

reconsider its Order awarding Plaintiff costs and fees in the amount of $8,233.00.

### E.  Defendants' Authority Supporting Their Defense Is Not Applicable

Defendants' believe that the Court should reduce and eliminate certain fees it granted

because those fees are redundant and unreasonable. Defendants base this argument on a local

rule as well as two cases.

First, Defendants' cite to Local Rule 54.1.2(b). That rule states:

> A motion for an award of attorneys' fees shall be supported by a memorandum
> brief as to the authority of the court to make such an award, and as to why the
> movant should be considered the "prevailing party," if such is required for the
> award. The motion shall also be supported by an affidavit of counsel setting out in
> detail the number of hours spent on each aspect of the case, the rate customarily
> charged by counsel for such work, the prevailing rate charged in the community for
> similar services, and any other factors which the court should consider in making
> the award. Within 14 days after filing of the motion, the party or parties against
> whom the award is requested shall respond with any objections thereto and
> accompanying memorandum setting forth why the award is excessive,
> unwarranted, or unjust.

L.R. 54.1.2(b).

The Court agrees with Plaintiff that its Motion Regarding Attorney's Fees and

Costs fulfilled these requirements. The Plaintiff's motion and supporting brief and

affidavits detailed each attorney's work, how much time was expended, and each

attorney's prevailing rate. The Court also agrees with Plaintiff that Local Rule 54.1.2(b)

9

does not require any further detail -- such as an itemized billing statement. Accordingly, the requirements of the rule have been met. Defendants' reliance on this rule is erroneous.

Next, Defendants' rely on *Loesel v. City of Frankenmuth,* 743 F.Supp.2d 619 (E.D. Mich. 2010) as authority regarding calculating attorney fees (Doc. 27). However, not only did that case discuss attorney fees under a different fee shifting statute (42 U.S.C. § 1988), but that decision was ultimately reversed on appeal. *See Loesel v. City of Frankenmuth,* 692 F.3d 452 (6th Cir. 2012). *Loesel* carries no weight.

Finally, Defendants cite to *Hensley v. Eckerhart,* 461 U.S. 424 (1983) to support their argument regarding the award of redundant attorney fees. In that case, the Supreme Court examined fee shifting under 42 U.S.C. § 1988. *Hensley,* 461 U.S. at 429. According to § 1988(b), in certain civil rights cases, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs [of litigation] . . . ."

This Court granted costs and fees under a different statutory provision. Although *Hensley* addresses a fee-shifting statute, its discussion relies on a different set of standards and interprets different precedent. *Hensley* is distinguishable from the facts of this case.

### F.  Plaintiff Will Also Suffer Prejudice

Plaintiff will suffer prejudice if Defendants' motion is granted. For more than six months, Plaintiff has been before the Court because of Defendants' vexatious and ill-founded removal attempts. Moreover, for the last few months, Plaintiff has had to deal with Defendants' baseless attempts to delay state court proceedings by defending matters in this Court. The time, effort, and resources Plaintiff has expended far outweigh harm to Defendants. Furthermore, the additional time and resources Plaintiff would have to use to continue to fight this matter is also persuasive.

**G.  Plaintiff is Not Entitled to Further Sanctions Against Defendants**

The Court retained jurisdiction under 28 U.S.C. § 1447(c) to consider awarding

costs and fees to Plaintiff for its Second Removal. That decision led to the motion now

before the Court. Considering the amount of time and effort spent on this motion, as well

as the fact that costs and fees have already been awarded to Plaintiff, the Court declines to

impose further sanctions against Defendants.

## IV. CONCLUSION

Defendants' motion for relief from judgment is **DENIED.** Plaintiff's request for

sanctions is **DENIED.** Upon receipt of this Order, Defendants must pay Plaintiff

$8,233.00.

**IT IS ORDERED.**


                                              /s/ Victoria A. Roberts
                                             Victoria A. Roberts
                                             United States District Judge

Dated:  2/7/13

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 7, 2013February 7, 2013.<br><br>S/Linda Vertriest<br>Deputy Clerk |